_____
Honorable Gary Spraker
United States Bankruptcy Judge



Entered on Docket
September 30, 2022
_____

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>JAMES J. LEE and KELLY LEE,<br><br>                Debtor(s). | Case No.: 13-11850-gs<br><br>Chapter 13 |
| JAMES J. LEE, an individual; KELLY M. LEE, an individual,<br><br>                Plaintiff(s),<br><br>   v.<br><br>NATIONAL DEFAULT SERVICING CORPORATION; THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2004-13; CARRINGTON MORTGAGE SERVICES LLC; DOES I through X, inclusive; and ROE CORPORATIONS I through V, inclusive,<br><br>                Defendant(s). | Adv. Proc. No. 22-01056-gs<br><br><u>Hearing Date</u><br>DATE:  June 15, 2022<br>TIME:   9:30 a.m. |

1

## MEMORANDUM DECISION ON MOTION TO DISMISS AND
## MOTION FOR ORDER TO SHOW CAUSE RE: CONTEMPT

Defendants the Bank of New York Mellon, fka the Bank of New York as Trustee for the Certificateholders CWABS, Inc., Asset-backed Certificates, Series 2004-13 and Carrington Mortgage Services LLC (defendants) seek to dismiss plaintiffs James and Kelly Lee's first amended complaint (FAC).  Simultaneously, plaintiffs have moved for an order to show cause why defendants should not be held in contempt.  Both matters relate to defendants' efforts to foreclose a deed of trust against the Lee's residence at 8621 Mirada Del Sol Drive in Las Vegas, Nevada.  The deed of trust secures a promissory note signed by Mr. Lee.  The Lees contend that an order disallowing BONY's proof of claim for lack of standing entered in a prior bankruptcy precluded it from ever attempting to collect on the promissory note.  BONY responds that it has cured the deficiency in its standing since the court entered its order ten years ago.

The Lees misconstrue the effect of the claims order which was necessarily limited to the facts before it, and the potential claims available at that time.  While the claim order certainly precluded BONY from contesting that it had standing to assert a proof of claim in the prior bankruptcy case, it is not relying on the same documents presented at that time and rejected by the court.  Rather, it now relies on a second allonge which has not been litigated.  Accordingly, the prior claim order cannot preclude BONY's efforts to enforce the interests it claims to have under the note with the new allonge.  Consequently, the motion for an order to show cause must be denied and the motion to dismiss this action shall be granted.

## Facts

James Lee executed a promissory note in favor of Sterling National Mortgage, Inc. (Sterling) in the amount of $435,000.00 on November 15, 2004.  To secure the debt, he and his wife also executed a deed of trust against their residence at 8621 Mirada Del Sol Drive in Las Vegas, Nevada.  The deed of trust designated Mortgage Electronic Registration Systems, Inc. (MERS), serving as Sterling's nominee, as the beneficiary.

A.  **The First Bankruptcy Case – Case No. 08-18160-lbr**

The Lees filed for bankruptcy under chapter 13 on July 24, 2008. Countrywide Home Loans, Inc. filed a proof of claim acting as servicing agent for BONY. Neither the proof of claim, nor the subsequent motion for relief from stay, included an endorsement of the note or the deed of trust from Sterling. The court dismissed the case roughly a year later for failing to make plan payments. *See* Case No. 08-18160, ECF No. 88.

B.  **The Second Bankruptcy Case, Case No. 09-28899-bam, where the Lees received a chapter 7 discharge.**

A short time after dismissal of their first bankruptcy case, on October 7, 2009, the Lees filed their second chapter 13 case. The case was converted to chapter 7 several months later.

During the chapter 7 proceedings MERS assigned its interests under the deed of trust to the Bank of New York Mellon fka the Bank of New York as Trustee for the Certificateholders CWABS, Inc., Asset-backed Certificates, Series 2004-13 (BONY Mellon Trust).

The Lees received a discharge in their chapter 7 case on September 16, 2010. *See* Case No. 09-28899-bam, ECF No. 105.

Two weeks after entry of the discharge, BONY Mellon Trust, through Recontrust acting as trustee, recorded a notice of default to begin foreclosure proceedings. Adv. ECF No. 19, Ex. F.

C.  **The Third Bankruptcy Case, Case No. 11-18772-bam, and the objection to BONY's proof of claim.**

The Lees filed another chapter 13 petition on June 3, 2011. BONY filed a proof of claim in the bankruptcy and attached a copy of the promissory note without endorsement. The proof of claim did include a copy of the deed of trust and the assignment of the deed of trust from MERS to BONY.

The Lees objected to BONY's proof of claim for lack of evidence that it was entitled to enforce the note. In response, BONY produced an allonge to the Note endorsed by Sterling to

3

Countrywide Home Loans, Inc., which was endorsed in blank by Countrywide. *See* Case No. 11-18772, ECF 81-2. The parties have referred to this as the First Allonge.

On June 18, 2012, the bankruptcy court conducted an evidentiary hearing on the claim objection. The court considered the note and the proposed allonge. It concluded "that the creditor has not established standing." Adv. ECF No. 19, Ex. G at p. 86:13-18. Specifically, the court, having examined the original note, found that there was no physical indicia that the allonge had ever been affixed to the note, such as perforations, indentation, or staple holes. *Id.* at p. 87:6-9, 18-20. Based on this, the court found that "this endorsement was never attached in the manner anticipated by 3204 of the Nevada Revised Statute." *Id.* at p. 87:18-20. The court further held that BONY had failed to establish any transfer or assignment of the note to give it standing to enforce the note. The court entered an order disallowing BONY's claim based on the findings of fact and the conclusions of law stated on the record.

BONY did not appeal the court's disallowance of its claim. Rather, it filed an amended claim and attached a different document in support of its claim which the parties refer to as the Second Allonge. This document omits any reference to Countrywide. Rather, it is endorsed in blank by Sterling.

The Lees did not object to the amended proof of claim. On January 9, 2013, the court dismissed the 2011 chapter 13 case. In their FAC, the Lees state the case was dismissed because their counsel mistakenly directed them to take the wrong prepetition credit counseling course. Adv. ECF No. 11 at p. 7, ¶ 32. The court dismissed the bankruptcy with prejudice in response to the chapter 13 trustee's motion based on the debtors' failure to file a certificate of credit counseling.

### D.  The Fourth Bankruptcy Case, Case No. 13-11850-gs.

Roughly two months later, the Lees filed their fourth bankruptcy - another chapter 13 case. In their FAC, the Lees state, "Debtors listed BONY as moot and unauthorized proof of claim as disputed." Adv. ECF No. 11 at p. 7, ¶ 33. Their schedules included only three potential creditors: BONY, listed as a disputed secured creditor; the Internal Revenue Service (IRS) as a

4

priority creditor – though the Lees listed the debt at $0.00; and James Glasgow as a disputed, unliquidated unsecured creditor owed $3,000.00.

The IRS filed a proof of claim and several amendments, ultimately stating a priority claim in the amount of $108,042.26 and a general unsecured claim for an additional $157,245.66. BONY again filed a proof of claim. It attached to its proof of claim the First Allonge containing the Countrywide endorsements.

Over the course of five years, the Lees presented their original plan and six amended plans. BONY objected to confirmation of their original plan for failing to cure arrears estimated to be $212,045.72. The docket reflects that the Lees never objected to BONY's proof of claim. Despite being in chapter 13 for five years, the Lees never confirmed a plan. Yet, BONY never sought relief from stay. Ultimately, the Lees filed a voluntary motion to dismiss their bankruptcy. In their FAC, they allege that they voluntarily dismissed their bankruptcy after resolving their tax obligations. Adv. ECF No. 11 at p. 8, ¶ 36. The docket reflects that the chapter 13 trustee separately sought dismissal when the debtors failed to dismiss the case after filing their notice. The court dismissed the case on the trustee's motion on May 23, 2018.

      E.      **BONY commences foreclosure and the Lees file lawsuits.**

On January 22, 2021, the Lees filed an action in the Eighth Judicial District of Nevada seeking to enjoin BONY from foreclosing on the deed of trust. On February 5, 2021, a Notice of Trustee's Sale was recorded that scheduled the foreclosure sale for March 9, 2021. The state court litigation proceeded until the Lees reopened the Fourth Bankruptcy Case and filed this adversary action. Once filed, the state court has stayed its proceedings at the Lees' request.

The court set the initial scheduling and planning conference in this proceeding for July 28, 2022. On May 4, 2022, the Lees filed the FAC (Adv. ECF No. 11), together with a motion for preliminary injunction seeking to stop BONY's efforts to enforce the note and deed of trust (Adv. ECF No. 12). Two days later, BONY filed its motion to dismiss the FAC (Adv. ECF No. 19) (Motion to Dismiss). That same day, the Lees filed their Motion for Issuance of Order to Show Cause Why Bank of New York Mellon Should not be Held in Civil Contempt for

5

Violation of Bankruptcy Court Order and/or Sanctions for Abuse of Claims Process (Adv. ECF No. 22). All three motions were set for hearing on June 15, 2022.

This proceeding and the Fourth Bankruptcy Case were assigned to the undersigned on May 18, 2022. On June 15, 2022, the court heard the argument of the parties on the three motions, and at the conclusion of the hearing took all three motions under advisement.

## Argument

The Lees request entry of an order requiring BONY to show cause why sanctions should not be imposed for contempt of Judge Markell's order disallowing its proof of claim in the Third Bankruptcy Case. They contend that the order unambiguously barred it from filing another proof of claim, that the order is final and unappealable, and remains enforceable. To remedy BONY's actions, the Lees request that the court enter a declaratory judgment that BONY does not have standing to enforce the note or deed of trust, going so far as to contend that such judgment is necessary to "prevent BONY from its continuing illegal conduct in attempting to do what Judge Markell's Orders prohibited it from doing." Adv. ECF No. 22 at p. 14:24-25.

On the other hand, BONY requests that the court dismiss the adversary. First, it contends that the Lees' claims are nothing more than a prayer for imposition of a remedy without establishment of an underlying claim. More to the point, it contends that Judge Markell's order did not preclude it from foreclosing. Rather, it argues that its current documents establish that it is a person entitled to enforce the deed of trust and recover on the promissory note the Lees admittedly entered into with Sterling Bank. Finally, BONY argues that the Lees have failed to state a cause of action for abuse of process. Alternately, BONY asks that the court abstain from hearing this adversary in light of the pre-existing state court action.

These two motions are in different procedural postures. The court is limited in what it may consider on the defendants' Motion to Dismiss. The record is not so limited when considering the Lees' request for an order to show cause. These concerns, however, are more academic than pragmatic. The material facts for both motions largely track those set out in the FAC relied upon for defendants' Motion to Dismiss. Such other facts that may be pertinent, as

discussed above, are taken from the dockets of the Lees' prior bankruptcy cases including the proof of claim filed by BONY, the transcript of the hearing on the objection to BONY's claim in the Third Bankruptcy Case, and the current foreclosure and state court proceeding. The court may take judicial notice of these matters even within the Motion to Dismiss. *See In re Campbell*, 500 B.R. 56, 59 n.7 (Bankr. D.N.M. 2013) (citing *In re Mailman Steam Carpet Cleaning Corp.*, 196 F.3d 1, 8 (1st Cir. 1999)) ("A bankruptcy court has the inherent authority to take judicial notice of or otherwise consider entries on its own docket."); *see also Dunlap v. Neven*, 2014 WL 3000133, at *5 (D. Nev. June 30, 2014) (citing *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir.2006)) ("Courts routinely take judicial notice of their own court records."); *In re Blas*, 614 B.R. 334, 340 (Bankr. D. Alaska 2019), *aff'd sub nom. Blas v. Bank of Am. N.A.*, 2020 WL 10319361 (D. Alaska Aug. 17, 2020) (citing *Strand v. Clark (In re Clark)*, 2012 WL 1911926, at *1 n.4 (B.A.P. 9th Cir. May 25, 2012)) ("This court may take judicial notice of the dockets of other courts."). In sum, the claims asserted by the Lees in this adversary, and both motions before the court, depend upon the preclusive effect of the court's prior order on the claim objection. Because the evidence necessary to resolve both motions is appropriate to the Motion to Dismiss, the court has combined the discussion.

      A.    **The request for an order to show cause why BONY's current foreclosure constitutes contempt of court.**

"'The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court.'" *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1190–91 (9th Cir. 2003) (quoting *Renwick v. Bennett (In re Bennett)*, 298 F.3d 1059, 1069 (9th Cir. 2002)). Civil contempt sanctions apply only when "there is no objectively reasonable basis" for finding that the creditor's conduct might be lawful under the applicable order. *Taggart v. Lorenzen*, ___U.S. ___, 139 S. Ct. 1795, 1801 (2019). Civil contempt is based on "principles of 'basic fairness [that] requir[e] that those enjoined receive explicit notice' of 'what conduct is outlawed' before being held in civil contempt." *Id.* at 1802 (quoting *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974)). Where the order is clear and unambiguous "[a] party's subjective belief

7

that she was complying with an order ordinarily will not insulate her from civil contempt if that belief was objectively unreasonable." *Id*. As a result, there is no civil contempt if "'there is [a] fair ground of doubt as to the wrongfulness of the defendant's conduct.'" *Id*. at 1801-02 (quoting *California Artificial Stone Paving Co. v. Molitor*, 113 U.S. 609, 618 (1885)).

The Lees argue that BONY had knowledge of the court's prior order, that the order is valid, and that defendants have violated that order.[1]

The order before the court, entered in the Third Bankruptcy Case, sustained the Lees' objection and disallowed BONY's proof of claim. The transcript of the hearing, relied upon by both parties, is clear that the court held that BONY did not establish standing to enforce the note and deed of trust. At the hearing, the court stated,

> I'm going to hold that the creditor has not established standing. By way of inference, I think that is a disposition not on the merits. That is, to say I'm not saying that the note is invalid. I'm simply saying this creditor has not established that it has standing with respect to the note that it has put forward.

Adv. ECF No. 19, Ex. G at p. 86:13-18.

The Lees argue that because the court's order on their claim objection was a final order, that BONY is bound by that order. This is true, but only as far as the order goes. That order governed BONY's proof of claim within the Third Bankruptcy Case. The order determined that in that case, based on the evidence presented at the time of the hearing, BONY did not establish that it was a person entitled to enforce the note. As a result, BONY lacked standing to participate in the bankruptcy and its claim was denied. But, as the court explained, the validity of the note was not adjudicated. Accordingly, *someone* held the note and was entitled to enforce it.

BONY is not trying to relitigate its standing to assert a claim in the Lees' Third Bankruptcy Case. Rather, it contends that based on the Second Allonge obtained from the

---

[1] As an initial matter, it strikes the court as odd that the Lees have reopened the Fourth Bankruptcy Case, which they voluntarily dismissed, to file an adversary almost ten years later to enforce an order entered in the Third Bankruptcy Case, which was also dismissed. It remains unclear why the court should consider enforcing a prior order entered in a different case. This matter, however, is not the focus of the parties' briefing.

original creditor, it *now* holds the note under an endorsement in blank. It has produced a copy of that note and the allonge executed by Sterling Bank. To the extent that Sterling Bank has endorsed the note in blank and transferred the endorsed note to BONY, then BONY is not relying upon the documentation presented to the court at the hearing on the Lees' claim objection held in the Third Bankruptcy Case. Rather, it has since acquired the note. Nothing in the court's order, entered in a dismissed bankruptcy case, precluded BONY from acquiring a proper allonge necessary to give it standing to enforce the note in the future. The deed of trust has previously been assigned to BONY. Having unified both its interest in the note and the deed of trust securing that obligation, BONY would be entitled to enforce any default on the note through foreclosure of its secured interest.

      While the court agrees with the Lees that the prior order disallowing BONY's proof of claim has preclusive effect, it precludes only those issues and claims that existed or could have been litigated at that time. The court's ruling established that the allonge BONY presented at that time was not affixed to the original note such that the note was not properly transferred to BONY and thus it lacked standing to file a proof of claim in *that* bankruptcy case. But the court was clear that it was not adjudicating the validity of the note. The order did not, and could not, have precluded BONY from subsequently acquiring the note the Lees admit they gave to Sterling Bank. "A claim arising after the date of an earlier judgment is not barred, even if it arises out of a continuing course of conduct that provided the basis for the earlier claim." *Frank v. United Airlines, Inc.,* 216 F.3d 845, 851 (9th Cir. 2000) (citing *Lawlor v. National Screen Serv. Corp.,* 349 U.S. 322, 328 (1955)).

      As BONY now contends that Sterling executed the allonge after the order denying its proof of claim was entered in the Third Bankruptcy Case, that order could not have considered the validity of that later allonge. The Lees remain free to contest the validity of the Second Allonge, but BONY's efforts to foreclose based upon its subsequent negotiation of the note do not raise a violation of the claims order entered in the Lees' prior dismissed bankruptcy case.

Accordingly, the court shall deny the motion for entry of an order to show cause why BONY should not be held in contempt for violating the claim order, since no violation has occurred.

**B.     The Motion to Dismiss.**

BONY seeks dismissal of the FAC under Fed. R. Civ. P. 12(b)(6).[2] The U.S. Supreme Court has held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Health Care System, LP*, 534 F.3d 1116, 1121-1122 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990)). Dismissal under Rule 12(b)(6) should not be granted "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Balistreri*, 901 F.2d at 699 (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).

Courts considering dismissal under Rule 12(b)(6) must accept as true all facts alleged in the complaint. *See id.* Accordingly, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). However, courts "are not…required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

The above reasoning compels the dismissal of the Lees' claims brought in the FAC. Their claims for abuse of process, imposition of an injunction and declaratory relief are based on the court's prior order disallowing BONY's proof of claim. They read the order to conclusively

---

[2] Incorporated herein by Fed. R. Bankr. P. 7012(b).

10

preclude BONY from ever attempting to collect on the promissory note by foreclosing the deed of trust. As explained above, this misconstrues the order. Rather, the court adjudicated BONY's standing as of *that time* and in *that case*, and found it lacking. But time moves on. BONY attempted to correct the defect and filed an amended claim. The Lees did not object to the amended claim filed in the Third Bankruptcy Case, nor did they object to BONY's proof of claim filed in the Fourth Bankruptcy Case. Further, the Lees fail to identify any deficiency in the Second Allonge which might defeat BONY's standing. The Lees have failed to state a plausible claim in the FAC.

BONY seeks dismissal of the FAC with prejudice under Fed. R. Civ. P. 15.[3] "Generally, Rule 15 advises the court that 'leave [to amend] shall be freely given when justice so requires.' This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) [internal quotation omitted]. The Supreme Court has established factors to be examined by courts deciding whether to grant leave to amend:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on *de novo* review that the complaint could not be saved by amendment." *Id.*

It is apparent for the reasons stated above that further amendment of the FAC would be futile. Judge Markell's order entered in the Third Bankruptcy Case does not preclude BONY from pursuing its remedies under the note and deed of trust in light of the Second Allonge. Accordingly, the court will dismiss the FAC with prejudice.

---

[3] Incorporated herein by Fed. R. Bankr. P. 7015.

## Conclusion

The order entered by Judge Markell in the Third Bankruptcy Case adjudicated BONY's standing to pursue its proof of claim in that bankruptcy case. It does not, as argued by the debtors, preclude BONY from foreclosing on the note now that it has secured the Second Allonge. For the reasons stated above, the court will enter orders denying the debtors' motion for an order to show cause and granting BONY's motion to dismiss, with prejudice.

IT IS SO ORDERED.

* * * * *

Copy sent to all parties and/or their counsel via CM/ECF Electronic Notice.

# # #